FILED
CLERK, U.S. DISTRICT COURT

10/14/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ____DM____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:20-cr-00472-AB |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [50 U.S.C. §§ 4512, 4513: Hoarding and Price Gouging] |
| NIKI SCHWARZ, | |
| Defendant. | [CLASS A MISDEMEANOR] |

The United States Attorney charges:

[50 U.S.C. §§ 4512, 4513]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.  In late 2019, a novel coronavirus, SARS-CoV-2, was first detected in Wuhan, China, causing outbreaks of the disease COVID-19 that have since spread globally.  COVID-19 was highly contagious and caused severe acute respiratory syndrome.  In total, there have been approximately 35.5 million confirmed COVID-19 infections globally and more than one million deaths attributed to COVID-19 globally, including more than 210,000 deaths in the United States.

2.  On or about January 31, 2020, the Secretary of Health and Human Services ("HHS") declared a national public health emergency

under 42 U.S.C. § 247d as a result of the spread of COVID-19 to and within the United States.  On or about March 11, 2020, the World Health Organization characterized COVID-19 as a pandemic.  On or about March 13, 2020, the President of the United States issued Proclamation 9994 declaring a national emergency as a result of the rapid spread of COVID-19 within the United States.

3.    The Centers for Disease Control and Prevention issued guidance to health care providers recommending that they wear personal protective equipment ("PPE") to prevent the spread of COVID-19.  As COVID-19 spread across the United States, it threatened to overwhelm hospitals and healthcare providers who were required to care for rapidly increasing numbers of seriously ill patients with a rapidly dwindling stock of PPE and other necessary health and medical resources.

4.    Accordingly, on or about March 18, 2020, the President of the United States issued Executive Order 13909, published at 85 Fed. Reg. 16,227, invoking the powers vested in the President by the Defense Production Act of 1950, 50 U.S.C. §§ 4501 et seq. (the "DPA").

5.    The DPA authorizes the President to designate as scarce materials or materials the supply of which would be threatened by accumulation (1) in excess of the reasonable demands of business, personal, or home consumption, or (2) for the purpose of resale at prices in excess of prevailing market prices (the "DPA criteria"). The DPA requires the President to publish in the Federal Register every designation of materials the accumulation of which is unlawful ("scarce materials").

6.    In Executive Order 13909, the President designated health and medical resources needed to respond to the spread of COVID-19, including personal protective equipment and ventilators, as scarce materials.  The President further delegated authority to the Secretary of HHS to identify additional specific health and medical resources that meet the DPA criteria.

7.    On or about March 23, 2020, the President issued Executive Order 13910, published at 85 Fed. Reg. 17,001, which delegated to the Secretary of HHS the President's authority under the DPA to designate additional health and medical resources constituting scare materials under the DPA criteria "to prevent hoarding of health and medical resources necessary to respond to the spread of COVID-19 within the United States," and "to implement any restrictions on hoarding."

8.    On or about March 25, 2020, the Secretary of HHS published a notice in the Federal Register at 85 Fed. Reg. 17,592 designating, among other items, N95 Filtering Facepiece Respirators ("N95 respirators") as scarce materials under the DPA criteria.

9.    Defendant NIKI SCHWARZ was the owner of a holistic spa. The spa was located in Santa Monica, California, and provided spa and skin care treatment services to the public.

10.   From on or about February 25, 2020, through on or about June 30, 2020, defendant SCHWARZ was solely responsible for the operation of the spa and, in particular, the acquisition and sale of N95 respirators.

11.   Through the spa, defendant SCHWARZ sold 3M N95, models 8210 and 1860, respirators, and Alpha Pro Tech N95 respirators at prices in excess of the prevailing market price, as follows:

a.   3M's list price of its model 8210 N95 respirator is approximately $1.02 per mask, and the list price of its 1860 N95 respirator is approximately $1.27 per mask.  Alpha Pro Tech's list price of its N95 respirator is approximately $0.86 per mask.  Neither manufacturer has raised its prices due to the COVID-19 pandemic.

b.   From on or about February 25, 2020, through on or about June 30, 2020, defendant SCHWARZ accumulated approximately 19,905 3M and Alpha Pro Tech N95 respirators.

c.   On or after March 25, 2020, defendant SCHWARZ sold the majority of the 3M and Alpha Pro Tech N95 respirators she had accumulated at prices between $5 and $15 per mask.  These prices represented a profit margin between 50% and 220%.

//

//

//

B.   VIOLATION OF THE DEFENSE PRODUCTION ACT

12.   From on or about March 25, 2020, through on or about June 30, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant SCHWARZ knowingly, intentionally, and willfully accumulated (i) in excess of the reasonable demands of business, personal, and home consumption, and (ii) for the purpose of resale at prices in excess of prevailing market prices, materials which had been designated by the President of the United States as scarce materials the supply of which would be threatened by such accumulation, in that defendant SCHWARZ accumulated thousands of N95 respirators manufactured by 3M and Alpha Pro Tech and resold them at prices in excess of prevailing market prices during the COVID-19 global pandemic and, in particular, after the designation of those materials as scarce.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section